Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 988 | **DATE** | 1/19/2011 |
| **CASE TITLE** | Illinois Central RR Co. vs. BXB Corp. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for turnover from Prince Minerals in a citation proceeding [24] is denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

On May 16, 2007, this Court entered a default judgment against BXB Corporation, the sole defendant in the case, in the amount of $80,655. Plaintiff seeks an order requiring non-party Prince Minerals, Inc. ("Prince") to turn over $22,305 that Prince owes "BXB Chicago Investment Fund, LLC," in partial satisfaction of BXB Corporation's debt, under the theory that BXB Corporation is currently conducting business under the name "BXB Chicago Investment Fund, LLC."

Defendant BXB Corporation, an Illinois corporation, dissolved on May 8, 2009. Craig Burroughs was the chairman, chief operating officer, and a director of BXB Corporation.

BXB Chicago Investment Fund, LLC was formed on May 16, 2000, and dissolved on June 1, 2006. Burroughs claims to currently use the name "BXB Chicago Investment Fund, LLC" for his sole proprietorship.

On July 12, 2010, Prince issued a purchase order to BXB Chicago Investment Fund, LLC for iron oxide, for delivery in October 2010. Prince had previously been BXB Corporation's customer. Prince paid BXB Chicago Investment Fund, LLC $22,500 on the order, and still owes $22,305. It is this money that plaintiff seeks in its motion for turnover order.

Plaintiff contends that after the judgment in this case was entered against BXB Corporation, the corporation began using the name "BXB Chicago Investment Fund, LLC" in its transactions with Prince. In support of this theory, plaintiff cites a 2008 transaction in which Burroughs contacted Prince about a sale, in his capacity as managing member of BXB Chicago Investment Fund, LLC; Prince then wired $15,000 to BXB Corporation's e-trade account; BXB Chicago Investment Fund, LLC issued an advance invoice to Prince for the $15,000; and finally Burroughs wrote a check for $15,000 from BXB Corporation's e-trade

| STATEMENT |
|---|

account to BXB Chicago Investment Fund, LLC. In addition, plaintiff has offered waybills and bills of lading from 2010 that list BXB Corporation as the shipper of loads to Prince. The letterhead for BXB Chicago Investment Fund, LLC shows the same address and telephone number that BXB Corporation had used. Plaintiff argues that this evidence shows that BXB Corporation continues to carry on its business under the name "BXB Chicago Investment Fund, LLC," and entitles plaintiff to recover the money owed by Prince to BXB Chicago Investment, LLC for the 2010 transaction.

As an initial matter, the Court notes that it is undisputed that BXB Chicago Investment Fund, LLC has had no legal existence of its own since it dissolved in 2006. Currently, "BXB Chicago Investment Fund, LLC" is merely a name used by Burroughs. In addition, although plaintiff argues that BXB Corporation has been conducting business under the name "BXB Chicago Investment Fund, LLC," plaintiff does not dispute that BXB Corporation dissolved before the 2010 transaction with Prince occurred. As a dissolved corporation, BXB Corporation does not have the ability to conduct new business. *See* 805 ILCS 5/12.30.

Therefore, as properly framed, the question raised by plaintiff's motion is really whether plaintiff is entitled to reach Burroughs' assets to satisfy the judgment against BXB Corporation. If Burroughs, a former officer and director of BXB Corporation, is continuing to do the business of BXB Corporation, Burroughs could be held personally liable for the debts he incurred doing that post-dissolution business. *See Forsythe-Fournier v. Isaacson*, 857 N.E.2d 826, 828 (Ill. App. Ct. 2006). However, a corporate officer or director generally cannot be held liable for debts the corporation incurred prior to dissolution. *See Mid-Am. Elevator Co. v. Norcon, Inc.*, 679 N.E.2d 387, 390-91 (Ill. App. Ct. 1996). Here, the judgment against BXB Corporation was entered prior to its dissolution, and plaintiff does not argue that the Court should pierce the corporate veil in this case. Moreover, Burroughs is not a party to this proceeding.

Plaintiff has not shown that it is entitled to the funds held by Prince. Accordingly, the motion for turnover order is denied.

*[signature: George W. Lindberg]*